**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| E. MARTYN GRIFFEN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALPHA PHI ALPHA, INC. ET AL., | : | NO. 06-1735 |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Gene E.K. Pratter, J.                                      November 9, 2006

## I.      BACKGROUND

The Clerk of the Court entered default against Alpha Phi Alpha, Inc. d/b/a/ Psi Chapter

("Psi Chapter") on May 22, 2006.  Presently before the Court is Psi Chapter's Motion to Set

Aside the Default.  For the reasons set forth below, the Court grants the Motion.

Plaintiff E. Martyn Griffen, a University of Pennsylvania student, aspired to become a

member the Psi Chapter of Alpha Phi Alpha, Inc., while in his junior year of college.[1]

Unfortunately, Mr. Griffen's courtship with Psi Chapter was interrupted by allegations of

physical and verbal abuse.  (Compl. ¶¶ 13-14.)  In October 2005, Mr. Griffen and other Fraternity

"aspirants" were summoned to the Psi Chapter's fraternity house by members of the Psi Chapter

in order to study and prepare for fraternity activities.  (Compl. ¶¶ 10-11.)  During this visit to the

fraternity house, Mr. Griffen claims that he, and other aspirants, were disciplined by Defendant-

Psi Chapter members Lionel Anderson-Perez and Kelehi Okereke, as punishment for revelations

---

[1]Alpha Phi Alpha, Inc. no longer refer to students who wish to become members of the
Fraternity as "pledges."  Instead, students who seek membership in the organization are deemed
"aspirants."

of fraternity secrets by one of the co-aspirants to a non-fraternity audience.[2]  (Compl. ¶¶ 12-13.)

According to Mr. Griffen, Mr. Anderson-Perez punched him repeatedly in the thighs, and Mr.

Okereke snapped a rubber band around Plaintiff's upper arm.  (Compl. ¶ 15.)  Mr. Griffen alleges

that as a result of the physical abuse, he has suffered serious and permanent injuries, including

myositis ossificans and heterotopic ossification[3] of his thigh muscles, and permanent scarring of

his upper arm.  (Compl. ¶ 23.)

On April 25, 2006, Plaintiff Griffen filed a ten-count Complaint against Messrs.

Anderson-Perez and Okereke, as well as Psi Chapter and Alpha Phi Alpha, Inc. (the

"Fraternity").  On the next day Psi Chapter, Anderson-Perez and Okereke were personally served

with the Complaint.  (Pl.'s Req. to Enter Default ¶ 1.)[4]  On May 24, 2006, the Fraternity

executed a waiver of service pursuant to Fed. R. Civ. P. 4(d), which timed its obligation to

respond to the lawsuit to June 26, 2006.  The Fraternity adhered to this deadline by filing a

Motion to Dismiss or in the Alternative Stay Pending Arbitration on June 25, 2006.  However,

the individual Defendants and Psi Chapter, having been personally served, were obligated by

Rule 12 of the Federal Rules of Civil Procedure to respond by  May 16, 2006.  Only Messrs.

Okereke and Anderson-Perez answered the Complaint by this deadline.  (Pl.'s Resp. 5.)  On May

18, 2006, Mr. Griffen requested, and on May 22, 2006, the Clerk of the Court entered, default

against Psi Chapter.  On August 24, 2006, Psi Chapter filed a Motion to Set Aside Default

---

[2]Mr. Anderson-Perez was a graduate member of Psi Chapter and Mr. Okereke was an undergraduate member.  (Compl. ¶¶ 16-17.)

[3]Myositis ossificans and heterotopic ossification refer to the abnormal formation of true bone within extrasokeletal soft tissues due to spinal cord or localized traumatic injury.

[4]Proof of Service was filed with the Court May 3, 2006.

Judgment.[5]

## II.    DISCUSSION

Defendant Psi Chapter argues that the Court should set aside the entry of default because the failure to answer or otherwise plead in response to the Complaint was the result of excusable neglect.   Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside the entry of default for "good cause shown."  Mike Rosen & Assocs., P.C. v. Omega Builders, 940 F. Supp. 115, 117 (E.D. Pa. 1996).  Whether or not to set aside an entry of a default rests in the discretion of the Court, provided a refusal to vacate is supported by appropriate findings on the record. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); Williams v. CSX Transp., Inc., 2002 U.S. Dist. LEXIS 12130, at *4-5 (E.D. Pa. 2002) (citing Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002)). "This court does not favor defaults and...in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Mike Rosen, 940 F. Supp. at 117 (quoting Gross v. Stereo Component Sys. Inc., 700 F.2d 120, 122 (3d Cir. 1983)); see also United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

Four factors should be considered to determine whether good cause exists to set aside default: (1)  whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced by vacating default; (3) whether the default was the result of the defendant's culpable conduct; and (4) the effectiveness of alternative sanctions.  Chamberlain v. Giampapa, 210 F.3d

---

[5]The Clerk of the Court entered default, not default judgment against Psi Chapter. However, the same standard for setting aside default judgment applies to setting aside entry of default. Stone v. Brennan, 2006 WL 2092583, at *1 (E.D. Pa. July 25, 2006) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir.1982)).

154, 164 (3d Cir. 2000); <u>Emasco Ins. Co.</u>, 834 F.2d at 73.[6]

### A.      Meritorious Defense

A meritorious defense exists where the Defendant's allegations would be a complete defense to the action, if established at trial.  <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1984) (the threshold issue in opening a default judgment is whether a meritorious defense has been asserted).  Plaintiff Griffen claims negligence against Psi Chapter, and in response to this claim, Psi Chapter has asserted the defenses of failure to establish proximate cause and contributory negligence. (Def.'s Mot. 4.)  Specifically, Psi Chapter asserts that Mr. Griffen's injuries were caused by the unsanctioned, intervening, and superseding tortious conduct of Messrs. Anderson-Perez and Okereke,[7] as well as Mr. Griffen's own negligent participation in activities that were specifically prohibited by the Fraternity and by Psi Chapter's rules, which Mr. Griffen acknowledged and accepted.  <u>Id</u>.

Psi Chapter's defense based upon the Plaintiff's own contributory negligence is not potentially meritorious.  Under Pennsylvania's "Anti-hazing Law," a plaintiff's alleged participation in hazing is not a defense: "any activity...upon which the initiation or admission into...an organization is directly or indirectly conditioned shall be presumed to be 'forced'

_____

[6]In <u>Stone v. Brennan</u>,  2006 WL 2092583, at *1 (E.D. Pa. July 25, 2006), the court noted that in a recent non-precedential opinion, the Third Circuit Court of Appeals omitted the fourth factor (the effectiveness of alternative sanctions) in considering whether to vacate entry of default.  <u>See, e.g., Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.</u>, No. 05-1031, 2006 WL 623074, at *2 (3d Cir. Mar. 14, 2006). As in <u>Stone</u>, the availability of alternative sanctions, while not providing a conclusive result to the present dilemma, weighs on the same side as the other factors and avoids foreclosing further litigation on the merits.  <u>Stone</u>, 2006 WL 2092583, at *1.

[7]Psi Chapter alleges that Mr. Griffen's action against Messrs. Okereke and Anderson-Perez for assault and battery further supports the Chapter's defense.

activity, the willingness of an individual to participate in the activity notwithstanding." 24 P.S. §
5352. Therefore, Plaintiff's own negligent contribution to his injuries would not be a complete
defense at trial and, therefore, would not suffice to vacate default.

Psi Chapter's second defense, that of failure to establish proximate cause, is a potentially
meritorious defense. A person's wrongful conduct is the "proximate cause" of an injury to
another person if it is a substantial factor in bringing about the harm. See Restatement (Second)
of Torts § 431 (1965). However, "an intervening act of a third party, which actively operates to
produce harm after the first person's wrongful act has been committed, is a superseding cause
which prevents the first person from being liable for the harm which his antecedent wrongful act
was a substantial factor in bringing about." Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004)
(citing Restatement (Second) of Torts § 440-441 (1965)). Here, Psi Chapter argues that Messrs.
Okereke and Anderson-Perez knew of, and willfully disobeyed the Fraternity's policies against
hazing; therefore, in administering any physical or verbal harm to Mr. Griffen, the two members
broke the causal chain that would have established Psi Chapter's liability for negligence. (Def.'s
Mot. 4.)

Plaintiff Griffen argues that Psi Chapter may not, as it has here, establish a meritorious
defense with "simple denials or conclusory statements." Worldwide Assocs. v. Golden Mark
Maintenance, Ltd., 2000 U.S. Dist. LEXIS 8701, at *4 (E.D. Pa. June 9, 2000) (quoting
$55,518.05 in U.S. Currency, 728 F.2d at 195). However, Psi Chapter's articulated defenses are
not so sparse as to be devoid of substance. Psi Chapter has set forth sufficient facts, if proven at
trial, to establish a meritorious defense of failure to establish proximate cause. Mike Rosen,1996
U.S. Dist. LEXIS 13386, at *7-8 (defendant has established a meritorious defense when it alleges

specific acts that go beyond a general denial such that the court has some basis for determining whether the defendant can make out a complete defense).

### B.    Prejudice to Plaintiff

Next, the Court must consider whether vacating default would prejudice Mr. Griffen. Setting aside an entry of default causes prejudice in this context to the plaintiff where it results in a loss or destruction of evidence, increased potential for fraud and collusion, or substantial reliance upon the entry of default.  Atlas Communications, Ltd. v. Waddill, 1997 U.S. Dist. LEXIS 17049, at *4 (E.D. Pa. Oct. 31, 1997).  None of these results have been shown here.

Instead, Plaintiff Griffen argues that if the Court vacates default against Psi Chapter, the Court "could preclude Plaintiff from seeking any relief from any Defendant in this Court."  (Pl.'s Resp. 8.)  In support of this argument, Mr. Griffen first submits that his ability to take discovery is disabled because Defendants Anderson-Perez and Okereke will exercise their Fifth Amendment rights to remain silent and decline to participate in discovery until their criminal trials have resolved.  Id.  Second, Mr. Griffen argues that he will not be able to take discovery or seek relief from the Fraternity due to the Fraternity's willful choice not to answer the Complaint in favor of filing a Motion to Dismiss or Stay Pending Arbitration. Id.  Clearly, however, lifting the default does not preclude Plaintiff from seeking relief, and, in fact, may assist in expediting discovery as this litigation would now continue to progress through its conventional early stages. Moreover, "[d]elay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief."  Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982).

### C.    Culpable Conduct

A defendant's conduct is culpable where its delay in responding is "willful or in bad

faith." <u>Mike Rosen</u>, 940 F. Supp. at 118.  While more than mere negligence must be

demonstrated, <u>Hritz</u>, 732 F.2d at 1182, "reckless disregard for repeated communications from

plaintiffs and the Court, combined with failure to investigate the source of a serious injury" can

result in inexcusable default.  <u>Williams</u>, 2002 U.S. Dist. LEXIS 12130, at * 9.

      Mr. Griffen argues that Psi Chapter, on at least two occasions, deliberately ignored its

obligation to respond to his Complaint.  The record is clear, and both parties agree, that Psi

Chapter was served with the Complaint and the Summons on April 26, 2006; an answer was

therefore due May 16, 2006.  Two days later, on May 18, 2006, Psi Chapter was served with Mr.

Griffen's Request for Default.  However, Psi Chapter took no action until August 24, 2006.

Finally responding to the lawsuit with a Motion to Set Aside Default Judgment, Psi Chapter

explained to the Court that its reason for failing to respond was that it "assumed that [Alpha Phi

Alpha, Inc.] had received a copy of the summons served upon Psi Chapter" and would file an

answer on its behalf.  (Def.'s Mot., Ex. A.)   In fact, the Fraternity was not served with a copy of

Psi Chapter's summons, and as to its own, it executed a waiver which placed its obligation to

respond to Mr. Griffen's Complaint on June 26, 2006.  (Def.'s Mot., Ex. B.)

      Mr. Griffen asks the Court to find that Psi Chapter's reliance on the Fraternity to respond

to the Complaint was a willful and bad faith choice not to act as instructed by the clear language

of the Summons.  (Pl.'s Resp. 10.)   Psi Chapter argues instead that its mistaken assumption

regarding its obligations to respond was the result of excusable neglect.  (Def.'s Mot. 6.)  In

weighing these two contrasting interpretations, the Court is mindful that the Third Circuit Court

of Appeals regards dismissal as a "sanction of last, not first resort," <u>Emasco Ins. Co.</u>, 834 F.2d at

75 (quoting <u>Carter v. Albert Einstein Med. Center</u>, 804 F.2d 805, 807 (3d Cir. 1986)).  Even

where neglect is inexcusable, and even where the Court cannot condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of "flagrant bad faith," and "callous disregard of responsibilit[y]." Id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). Here, though Psi Chapter's failure to respond to the Complaint suggests at best an inappropriate casualness as to its obligations, it does not sink so low as to warrant the "'extreme' action of refusal to vacate the default judgment." Emasco Ins. Co., 834 F.2d at 75.

### D.    Alternative Sanctions

Finally, the Court concludes that alternative sanctions effectively respond to Psi Chapter's lack of respect for its procedural obligations. Entry of default, or alternative sanctions imposed in place thereof, serve as a "wake-up call" to complacent or somnolent parties. Foy v. Dicks, 146 F.R.D. 113, 117-118 (E.D. Pa. 1993). Plaintiff Griffen argues that alternative sanctions would not stand to rectify what Mr. Griffen describes as the egregious bad faith conduct of Psi Chapter, and that the award of attorneys fees "would be a pointless exercise" because Psi Chapter has shown no defense to his claims. Williams, 2002 U.S. Dist. LEXIS 12130, at * 9. However, in light of the Court's finding that Psi Chapter has a potentially meritorious defense, that Plaintiff will not be prejudiced should the Court set aside the default, and that Psi Chapter's conduct was not marked by flagrant bad faith, the Court will impose a monetary sanction against Psi Chapter rather than refuse to set aside the default.

## III.    CONCLUSION

For the foregoing reasons, the Court grants Defendant Psi Chapter's Motion Pursuant to Fed. R. Civ. P. 55(c) and 60(b) to Set Aside Default Judgment. Now that all parties are actively

-8-

involved in this suit, the matter is ready to proceed to discovery and litigation on the merits.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **E. MARTYN GRIFFEN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALPHA PHI ALPHA, INC. ET AL.,** | : | **NO. 06-1735** |
| **Defendants**. | : | |

## ORDER

**AND NOW**, this 9th day of November 2006, upon consideration of Defendant Alpha Phi Alpha, Inc. d/b/a Psi Chapter's Motion Pursuant to Fed. R. Civ. P. 55(c) and 60(b) to Set Aside Default Judgment (Docket No. 15) and Plaintiff Griffen's Response thereto (Docket No. 16), **IT IS HEREBY ORDERED THAT**:

1. The Clerk of the Court shall remove entry of default against Psi Chapter; and

2. Within 14 days of the date of this Order, Plaintiff's counsel shall submit to the Court, with a copy to Psi Chapter, an Affidavit detailing (e.g., with date(s) and description of services) all reasonable fees and costs incurred in the defense of Psi Chapter's Motion (Docket No. 15), and within seven days of receipt of the Affidavit Psi Chapter shall notify Plaintiff and the Court of any objections thereto. Thereafter the Court will evaluate the Affidavit and enter an Order providing for imposition of financial sanctions in connection with this Order.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE